IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| UNITED STATES OF AMERICA | § | |
| --- | --- | --- |
| | § | |
| v. | § | CRIMINAL No. C-11-851 |
| | § | |
| JORGE ALBERTO REYES-CANALES | § | |

### ORDER DENYING MOTION TO APPOINT COUNSEL

Pending before the Court is Defendant Jorge Alberto Reyes-Canales' letter motion, received by the Clerk on March 28, 2012. (D.E. 27). Reyes-Canales seeks appointment of counsel. For the reasons set forth herein, the motion is **DENIED**.

Although Reyes-Canales' request for relief is not clear, it appears that he seeks counsel to advise him regarding possible post-conviction relief. Reyes-Canales does not have the right to appointed counsel for post-conviction proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 554 (1987) ("We have never held that prisoners have a constitutional right to counsel when mounting collateral attacks upon their convictions . . . and we decline to so hold today. Our cases establish that the right to appointed counsel extends to the first appeal of right, and no further."); United States v. Vasquez, 7 F.3d 81, 83 (5th Cir. 1993) (no constitutional right to appointed counsel for habeas motion). A petitioner serving a noncapital sentence has no right to appointment of counsel in a habeas proceeding. McFarland v. Scott, 512 U.S. 849, 857 n. 3 (1994). Because Reyes-Canales has no general constitutional or statutory right to counsel for his post-conviction proceedings, his letter motion to appoint counsel (D.E. 27) is **DENIED**.

If Reyes-Canales wishes to challenge his conviction, the procedure to do so is through a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. Any such motion

should be filed within one year from sentencing. 28 U.S.C. § 2255 (f). Reyes-Canales should be aware that he waived his right to file a motion to correct, set aside or vacate his sentence pursuant to 28 U.S.C. § 2255 as a provision of his plea agreement. (D.E. 16 at ¶ 7). He may be relieved of his waiver only under limited circumstances.

## CONCLUSION

Reyes-Canales' letter motion for appointment of counsel (D.E. 27) is **DENIED**. The Clerk is instructed to furnish him with the § 2255 forms.

**ORDERED** this 29th day of March 2012.

_____
**NELVA GONZALES RAMOS**
**UNITED STATES DISTRICT JUDGE**